UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X   Docket No.: 22-cv-4120

CHRISTINE HOLUB,

               Plaintiff,

                              **NOTICE OF PETITION FOR REMOVAL**

    -against-

BJ'S WHOLESALE CLUB HOLDINGS, INC., and
BJ'S WHOLESALE CLUB, INC.,

               Defendants.
_____X

**PLEASE TAKE NOTICE,** that pursuant to 28 U.S.C. § 1446, Defendants BJ'S WHOLESALE CLUB HOLDINGS, INC. and BJ'S WHOLESALE CLUB, INC. hereby removes the above-captioned case from the Supreme Court of the State of New York, County of Suffolk, Index No. 607452/2022 to the United States District Court for the Eastern District of New York on the basis of diversity of citizenship conferred by 28 U.S.C. § 1332.

Dated: New York, New York
       July 14, 2022

                                                        Yours, etc.,

                                                        **MORRISON MAHONEY LLP**
                                                        *Attorneys for Defendants*
                                                        BJ'S WHOLESALE CLUB HOLDINGS, INC. and BJ'S WHOLESALE CLUB, INC.

                                                        By:_____
                                                          Demi Sophocleous (DS6450)

                                                       By:_____
                                                          Laura R. McKenzie (LM9501)
                                                       Wall Street Plaza
                                                       88 Pine Street, Suite 1900
                                                       New York, NY 10005
                                                       P: (212) 825-1212

101216056

TO:    SIBEN & SIBEN, LLP
        Attorneys for Plaintiff
        90 East Main Street
        Bay Shore, New York 11706

101216056

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――X      Docket No.:
CHRISTINE HOLUB,

               Plaintiff,

                                                         **PETITION FOR REMOVAL**

      -against-

BJ'S WHOLESALE CLUB HOLDINGS, INC., and
BJ'S WHOLESALE CLUB, INC.,

               Defendants.
―――――――――――――――――――――――――X

      LAURA R. MCKENZIE, an associate with the law firm of Morrison Mahoney LLP, attorneys for Defendants BJ'S WHOLESALE CLUB HOLDINGS, INC. and BJ'S WHOLESALE CLUB, INC. hereby submits the following Petition for Removal pursuant to 28 USC § 1446, and Federal Rule of Civil Procedure 11:

      1.    On or about April 18, 2022, Plaintiff, Christine Holub, commenced a civil action by filing a Complaint in the Supreme Court of the State of New York, County of Suffolk, entitled Christine Holub v. BJ's Wholesale Club Holdings, Inc. and BJ's Wholesale Club, Inc., Index No. 607452/2022. ("Complaint"), a copy of which is annexed hereto as **Exhibit "A"**.

      2.    The Complaint alleges that on or about September 1, 2021, Plaintiff, Christine Holub was injured when she allegedly slipped on spilled blueberries while shopping at a Defendant's store located at 1900 The Arches Circle, #7073, Deer Park, New York. *See*, Exhibit "A", ¶¶ 39.

      3.    Defendants BJ'S WHOLESALE CLUB HOLDINGS, INC. and BJ'S WHOLESALE CLUB, INC. were put on notice of the Complaint in this matter on or about April

101215854

20, 2022 and served a timely Verified Answer on or about May 24, 2022. A copy of BJ's Answer is annexed hereto as **Exhibit "B"**.

4.  Plaintiff's Complaint does not specify the amount of damages they seek in the action. Rather, the Complaint uses boilerplate language to assert only that Christine Holub sustained certain injuries, and that the resulting damages to each Plaintiff exceeds the relevant jurisdictional limit of the lower courts. *See*, Exhibit "A", ¶¶40, 42.

5.  Our office served Plaintiff with a Demand Pursuant to CPLR § 3107(c) on May 24, 2022, a copy of which are annexed hereto as **Exhibit "C."**

6.  Plaintiff submitted a Response to our Demand Pursuant to CPLR § 3107(c) on June 21, 2022, specifying damages in the collective amount of $1,000,000.00. A copy of Plaintiff's response containing same is annexed hereto as **Exhibit "D"**.

7.  Pursuant to 28 U.S.C. § 1446(b)(3), this Notice is being filed with the Court within thirty (30) days of Defendants BJ'S WHOLESALE CLUB HOLDINGS, INC. and BJ'S WHOLESALE CLUB, INC.'s receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable," which, in this case, was Plaintiff's June 21, 2022 response to our Demand Pursuant to CPLR § 3107(c) wherein Plaintiffs specified damages in the collective amount of $1,000,000.00. *See*, Exhibit "D."

8.  This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and Defendants, and in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as described below.

9.  In this action, Plaintiff has named BJ's Wholesale Club Holdings, Inc. and BJ's Wholesale Club, Inc. as the sole Defendants.

10. Defendants BJ'S WHOLESALE CLUB HOLDINGS, INC. and BJ'S WHOLESALE CLUB, INC., are a corporation organized under the laws of the State of Delaware with its principal place of business in Westborough, Massachusetts.

11. For diversity purposes, BJ'S WHOLESALE CLUB HOLDINGS, INC. and BJ'S WHOLESALE CLUB, INC.is a citizen of Delaware.  It is not a citizen of New York.

12. By way of the foregoing, there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332 and the accompanying Notice is timely pursuant to 28 U.S.C. § 1446.

13. Under 28 U.S.C. § 1446(b), a defendant has thirty days to remove a case from state court based on diversity jurisdiction after receiving a copy of the initial pleadings.  However, "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  With respect to the amount of controversy requirement, the Second Circuit has specifically held that "the removal clock does not start to run until the plaintiff serves the defendant with papers that explicitly specifies the amount of monetary damages sought." Salinas v. Mirfakhraie, 2012 WL 3642419 at *1 (SDNY, 2012), *quoting* Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010).

14. As it is now clear from Plaintiff's June 21, 2022 response to Defendants' Demand Pursuant to CPLR § 3107(c) that the amount in controversy exceeds $75,000.00, and that this case is removal, Defendants now make this Petition and such Petition is timely and proper.

15. In light of the foregoing, this civil action is removable to this Court pursuant to 28 U.S.C. § 1441.

101215854

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Petition for Removal is being submitted for filing with the Clerk of the Supreme Court, County of Suffolk and is being served upon Plaintiff.

17. In filing this Petition for Removal, Defendants do not waive any defects in service of process, venue, or personal jurisdiction.

18. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

Dated: New York, New York
       July 14, 2022

Very truly yours;

MORRISON MAHONEY LLP
*Attorneys for* Defendants
BJ'S WHOLESALE CLUB HOLDINGS, INC. and BJ'S WHOLESALE CLUB, INC.

By: _____
    Demi Sophocleous (DS6450)

By: _____
    Laura R. McKenzie (LM9501)
Wall Street Plaza
88 Pine Street, Suite 1900
New York, NY 10005
(212) 428-2498

TO:

SIBEN & SIBEN, LLP
Attorneys for Plaintiff
90 East Main Street
Bay Shore, New York 11706

101215854